# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETHAN SADLER, | Case No. 1:17-cv-00312-AWI-SAB |
| Plaintiff, | ORDER RE: JURISDICTIONAL BRIEFING |
| v. | **DEADLINE: May 23, 2017** |
| ENSIGNAL, INC., | |
| Defendant. | |

Defendant Ensignal, Inc. ("Defendant") removed this action from the Superior Court of California for the County of Madera on March 3, 2017. (ECF No. 1.) Plaintiff Ethan Sadler ("Plaintiff") raises six causes of action for failure to pay overtime wages, failure to provide all mandated meal periods or additional wages in lieu thereof, failure to provide all mandated rest periods or additional wage in lieu thereof, failure to furnish itemized statements of wages, failure to timely pay wages due at termination, and violation of the unfair competition law. Plaintiff brings all of the causes of action as a class action.

District courts have authority to dismiss actions sua sponte for lack of jurisdiction. Franklin v. State of Or., State Welfare Division, 662 F.2d 1337, 1342 (9th Cir. 1981). In this action, Defendant contends that federal jurisdiction exists based upon diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Defendant further contends that the amount in controversy exceeds $75,000 because Plaintiff's claim under section 203 of the California Labor Code for

failure to timely pay wages due at termination exceeds $75,000.  Defendant states that Plaintiff's claim under section 203 of the California Labor Code places at least $155,790.60 in controversy. However, Defendant calculated the $155,790.60 for Plaintiff's claim under section 203 of the California Labor Code by aggregating the sums of waiting time penalties for 67 non-exempt full-time former employees who resigned or were terminated and issued final wages during the statutory period and who customarily worked 35 or more hours per week over an estimated average of five days per week.[1]

"The traditional rule is that multiple plaintiffs who assert separate and distinct claims are precluded from aggregating them to satisfy the amount in controversy requirement."  Urbino v. Orkin Servs. of California, Inc., 726 F.3d 1118, 1122 (9th Cir. 2013) (citing Troy Bank v. G.A. Whitehead & Co., 222 U.S. 39, 40 (1911)).  "In Snyder v. Harris, the Supreme Court applied that rule to representative actions, holding that the claims of class members can be aggregated to meet the jurisdictional amount requirement only when they 'unite to enforce a single title or right in which they have a common and undivided interest.' " Urbino, 726 F.3d at 1122 (citing Snyder v. Harris, 394 U.S. 332 (1969)).  The Ninth Circuit held that in wage and hour actions the rights are held individually and each employee suffers a unique injury that can be addressed without the involvement of the other employees.  Urbino, 726 F.3d at 1122 (citing Troy Bank, 222 U.S. at 41).  Since the defendant's obligation in a wage and hour action is to the individual and not the group, the claims of wage and hour class members cannot be aggregated to meet the amount in controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332(a).  See Urbino, 726 F.3d at 1122.

Accordingly, it appears that the amount in controversy for Plaintiff on the waiting time penalties claim under section 203 of the California Labor Code may be less than $75,000.  Based upon the information before the Court and the Court's duty to confirm that it has jurisdiction to hear the matter, the Court will require briefing to determine whether the amount in controversy requirement is met pursuant to 28 U.S.C. § 1332(a).  The Court raises the issue *sua sponte* now

---

[1] Based on the employee list spreadsheet that Defendant prepared, none of the 67 individuals would individually be entitled to waiting time penalties over $3,542.70.  (ECF No. 1-9.)

in order to avoid the jurisdictional issue being raised at a later time, after considerable resources have been expended by both sides and the Court in adjudicating this matter in federal court.

Accordingly, it is HEREBY ORDERED that the parties shall file simultaneous briefing regarding whether federal jurisdiction exists over this action, and specifically, whether the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied in this action, **on or before May 23, 2017.**

IT IS SO ORDERED.

Dated: __**May 16, 2017**__

UNITED STATES MAGISTRATE JUDGE