# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETHAN SADLER, | Case No. 1:17-cv-00312-AWI-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING REMANDING ACTION FOR LACK OF JURISDICTION |
| v. | |
| ENSIGNAL, INC., | (ECF No. 1, 13, 14) |
| Defendant. | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

## I.

## BACKGROUND

On December 16, 2016, Plaintiff Ethan Sadler filed this class action complaint in the Superior Court of California for the County of Madera against Defendant Ensignal, Inc. ("Defendant"). (ECF No. 1-2.) Plaintiff Ethan Sadler ("Plaintiff") raises six causes of action for failure to pay overtime wages, failure to provide all mandated meal periods or additional wages in lieu thereof, failure to provide all mandated rest periods or additional wage in lieu thereof, failure to furnish itemized statements of wages, failure to timely pay wages due at termination, and violation of the unfair competition law. (Id.) On March 3, 2017, Defendant removed this action to the Eastern District of California on the basis of diversity jurisdiction.[1] (ECF No. 1.)

Upon review of the notice of removal, the Court sua sponte raised the issue of whether

---

[1] At the scheduling conference on May 16, 2017, when the Court raised the issue, both Plaintiff and Defendant asserted that the requirements of diversity jurisdiction were met and the action had been properly removed.

federal jurisdiction exists in this action during the May 16, 2017 scheduling conference.[2] (ECF No. 12.) An order was filed on May 16, 2017, directing the parties to file briefing addressing the Court's jurisdiction in this matter. (ECF No. 11.) On May 23, 2017, the parties filed briefs addressing subject matter jurisdiction. (ECF Nos. 13, 14.)

## II.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction and only possess that power authorized by the Constitution and statute. Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 552 (2005). Congress has conferred the district courts with original jurisdiction in all civil cases that arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Additionally, Congress has provided a neutral forum by granting the district court jurisdiction over civil actions between citizens of different states in which the amount in controversy exceeds a specified amount. Exxon Mobil Corp., 545 U.S. at 552. District courts have authority to dismiss actions sua sponte for lack of jurisdiction. Franklin v. State of Or., State Welfare Division, 662 F.2d 1337, 1342 (9th Cir. 1981).

"[A]ny civil action brought in a State Court of which the district courts of the United States have original jurisdiction may be removed by the defendant . . . to the district court of the United States for the district . . . where such action is pending." 28 U.S.C. § 1441(a). A notice of removal must be filed within thirty days of receiving the initial pleading setting forth the claim for relief, 28 U.S.C. § 1446(b).

In a diversity action, the removing defendant has the burden of establishing the amount in controversy by a preponderance of the evidence. Rodriguez v. AT & T Mobility Servs. LLC, 728 F.3d 975, 977 (9th Cir. 2013). Jurisdiction is analyzed based upon the pleadings filed at the time of removal without reference to any subsequent pleadings filed in the action. Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998). "The removal statute is strictly construed against removal jurisdiction." Provincial Gov't of

---

[2] The Court shall address the scheduling order if necessary after the District Judge addresses this findings and recommendations.

1  Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). If the district court

2  determines that it lacks jurisdiction, the action should be remanded back to the state court.

3  Martin v. Franklin Capital Corp., 546 U.S. 132, 134 (2005).

**III.**

**ANALYSIS**

6  Defendant removed this action on the basis of diversity jurisdiction alleging that the

7  jurisdictional amount was met because Plaintiff's claim under section 203 of the California

8  Labor Code places at least $155,790.60 in controversy. However, Defendant calculated the

9  $155,790.60 for Plaintiff's claim under section 203 of the California Labor Code by aggregating

10  the sums of waiting time penalties for 67 non-exempt full-time former employees who resigned

11  or were terminated and issued final wages during the statutory period and who customarily

12  worked 35 or more hours per week over an estimated average of five days per week..

13  As relevant here, district courts have original jurisdiction over all civil actions where

14  amount in controversy exceeds $75,000.00 and the action is between citizens of different states.

15  28 U.S.C. § 1332(a). Plaintiff contends that this action must be remanded because Defendant

16  has not demonstrated that the amount in controversy for any named plaintiff exceeds the

17  jurisdictional amount. Defendant argues that the claim for violation of California Business Code

18  section 17200 falls under the common and undivided interest exception to the anti-aggregation

19  principle and alternatively, Plaintiff's claims in this action meet the jurisdictional threshold.

20  **A.    Diversity of Citizenship**

21  The Supreme Court has interpreted § 1332 to require complete diversity between parties,

22  where "the citizenship of each plaintiff is diverse from the citizenship of each defendant."

23  Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996). A corporation is deemed to be a citizen of any

24  State by which it has been incorporated and of the State where it has its principal place of

25  business. Lincoln Prop. Co. v. Roche, 546 U.S. 81, 94 (2005) (quoting 28 U.S.C. § 1332(c)(1)).

26  Defendant is a Kansas corporation, with its principal place of business in Wichita, Kansas.

27  Accordingly, Defendant is a citizen of Kansas.

28  While Defendant contends that the complaint alleges that Plaintiff is a citizen of

3

California, Plaintiff alleges that he was at all times residing in Madera County, California. However, "the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Kanter, 265 F.3d at 857. Plaintiff's complaint does not allege that he is a citizen of California. However, Defendant has presented evidence that Plaintiff has continuously worked in the State of California since November 5, 2004. (Decl. of Greg Reed ¶ 3, ECF No. 1-8.) Plaintiff does not dispute that he is a citizen of California.

For the purposes of jurisdiction, the Court finds that Plaintiff is a resident of California; and Defendant is a resident of Kansas. Therefore, complete diversity of citizenship exists in this action.

**B.  Jurisdictional Amount**

The substance of the instant dispute is whether the amount in controversy requirement is met in this action. In a removal action, "the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 403 (9th Cir. 1996) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566-67 (9th Cir.1992)). To meet this burden, the defendant must provide evidence that more likely than not the amount in controversy exceeds the jurisdictional amount. Sanchez, 102 F.3d at 404. However, the defendant is not required to research and prove the plaintiff's claims for damages, but "must set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum." Roth v. Comerica Bank, 799 F. Supp. 2d 1107, 1118 (C.D. Cal. 2010) (citations omitted).

For the reasons discussed herein, the Court finds that Defendant has not met its burden of establishing that the amount in controversy in this action exceeds $75,000.00; and therefore, the Court does not have jurisdiction in this matter and it must be remanded to state court.

1.  Exception to Rule Against Aggregation Does Not Apply in this Action

"The traditional rule is that multiple plaintiffs who assert separate and distinct claims are precluded from aggregating them to satisfy the amount in controversy requirement." Urbino v.

Orkin Servs. of California, Inc., 726 F.3d 1118, 1122 (9th Cir. 2013) (citing Troy Bank v. G.A. Whitehead & Co., 222 U.S. 39, 40 (1911)). Defendant argues that an exception applies in this action because the plaintiffs have united to enforce a single title or right and therefore their collective interest can be aggregated to meet the jurisdictional amount. Defendant argues that since he is bringing claims under section 17200 of the California Business and Professions Code and is acting as a private attorney general, similar to an action under the Private Attorney General Act ("PAGA"), the claims can be aggregated to meet the amount in controversy. Plaintiff contends that Defendant cannot aggregate the class claims to meet the amount in controversy requirement. Defendant's argument that a wage and hour class representative can aggregate the class claims to meet the jurisdictional requirement was rejected in Urbino.[3]

In Urbino, the plaintiffs brought a representative action under PAGA and argued that the civil penalties for Labor Code violations could be aggregated to meet the amount in controversy requirement to establish federal jurisdiction. 726 F.3d at 1121. The Ninth Circuit recognized that "[i]n Snyder v. Harris, the Supreme Court applied that rule to representative actions, holding that the claims of class members can be aggregated to meet the jurisdictional amount requirement only when they 'unite to enforce a single title or right in which they have a common and undivided interest.' " Urbino, 726 F.3d at 1122 (citing Snyder v. Harris, 394 U.S. 332 (1969)). In determining the character of the interest at stake in the action, courts look to " 'the source of plaintiffs' claims. If the claims are derived from rights that they hold in group status, then the claims are common and undivided. If not, the claims are separate and distinct.' " Urbino, 726 F.3d at 1122 (quoting Eagle v. Am. Tel. & Tel. Co., 769 F.2d 541, 546 (9th Cir.1985)). Only where the defendant owes an obligation to the plaintiffs as a group and not to the individuals severally will a common and undivided interest exist. Urbino, 726 F.3d at 1122.

"The Ninth Circuit held that in wage and hour actions the rights are held individually and each employee suffers a unique injury that can be addressed without the involvement of the other

---

[3] Prior to Urbino, courts held that claims brought under the UCL on behalf of the public should not be aggregated to meet the jurisdictional amount in a class action. Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir. 2001) holding modified on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546 (2005); Ecker v. Ford Motor Co., No. CV0206833SVWTJLX, 2002 WL 31654558, at *3 (C.D. Cal. Nov. 12, 2002).

employees. Urbino, 726 F.3d at 1122 (citing Troy Bank, 222 U.S. at 41). Since the defendant's obligation in a wage and hour action is to the individual and not the group, the claims of wage and hour class members cannot be aggregated to meet the amount in controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332(a). See Urbino, 726 F.3d at 1122; Baumann v. Chase Inv. Servs. Corp., 747 F.3d 1117, 1119 (9th Cir. 2014) ("In Urbino v. Orkin Services, 726 F.3d 1118 (9th Cir.2013), we held that potential PAGA penalties against an employer may not be aggregated to meet the minimum amount in controversy requirement of 28 U.S.C. § 1332(a).").

The claims of the representative class in a wage and hour class action cannot be aggregated to meet the jurisdictional requirement and Defendant must show that Plaintiff's claims are in excess of $75,000.00 to establish that federal jurisdiction exists in this action. Exxon Mobil Corp., 545 U.S. at 551.

### 2. Defendant Fails to Establish that Plaintiff's Claims Meet the Jurisdictional Amount

Defendant argues that alternately Plaintiff meets the jurisdictional amount in this action. Defendant contends that presuming Plaintiff will prevail on all his claims, his potential damages and penalties in this action would be $18,745, and therefore, Defendant would only have to show that attorney fees in this action would be at least $56,255 to meet the jurisdictional amount.

Plaintiff was employed by Defendant between February 2, 2015 through March 18, 2016 as a fulltime sales associate. (Decl. of Greg Reed ¶ 3, ECF No. 1-8.) While Defendant asserts that Plaintiff's damages would be based on a wage of $11.00 per hour, no evidence was provided of Plaintiff's rate of pay. A review of the employee list provided shows that employees were making between $9.00 and $15.02 per hour during the period in which Plaintiff was employed by Defendant. (ECF No. 1-9.) Employee number 146 has the same start and termination dates as Plaintiff, and was a fulltime sales associate with a regular rate of pay of $11.00 per hour. (Id. at 4.) The Court shall assume that Plaintiff's regular rate of pay was $11.00 per hour.

Defendant calculated potential damages at 5 days per week for 58 weeks based on Plaintiff's start and end dates. Overtime pay is calculated at $16.50 per hour (one and one half times $11.00).

### a. Failure to Pay Overtime Wages

Plaintiff brings a claim for failure to pay overtime wages in violation of California Labor Code section 510. (Compl. ¶¶ 38-42.) Section 510 provides that "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." Cal. Lab. Code § 510(a).

Plaintiff alleges that he systematically worked for periods of more than eight hours in a workday, forty hours in a workweek and/or worked the seventh day without being compensated at the proper rate. (Compl. at ¶ 40.) Defendant calculates damages at one hour of overtime every workday during his employment for a total of $4,785.00 (5 days per week at $16.50 per hour for 58 weeks) for this claim. However, the complaint does not allege that Plaintiff was not paid for the hours worked, but that he was not paid at the correct rate. Therefore, the damages for this claim should be calculated at the difference between Plaintiff's regular rate of pay and the overtime rate of pay which would be $5.50 ($16.50 minus $11.00) per hour. Accordingly, the damages for the failure to pay overtime wages would be $1,595.00 (5 days per week at $5.50 per hour for 58 weeks).

### b. Failure to Provide Meal and Rest Periods

Plaintiff brings a claim for failure to provide a net thirty-minute, duty-free meal period each workday in which an employee worked more than 5 hours in violation of sections 226.7 and 512 of the Labor Code. (Compl. ¶¶ 43-49.) Plaintiff also alleges that Defendant did not provide rest periods in compliance with section 226.7. (Compl. ¶¶ 50-55.) Section 226.7 provides that if an employer fails to provide a meal or rest period in compliance with state law, the employer shall pay the employee one additional hour of pay at the employee's regular rate of pay for each workday that the meal or rest period is not provided. Cal. Lab. Code § 226.7(c).

Plaintiff alleges that he systematically worked period of more than five hours in a workday without being provided a mandatory, duty-free lunch. (Compl. at ¶ 47.) Defendant calculates Plaintiff's damages as $3,190.00 (5 days per week at $11.00 per hour for 58 weeks)

for the meal period claim.

Plaintiff alleges that he systematically worked periods of more than three and one half hours without being provided with a mandatory paid ten-minute rest period. (Compl. at ¶ 53.) Plaintiff contends that Defendant had a policy that did not provide rest periods during the workday. (Id.) Defendant calculated that Plaintiff would receive damages of $6,380.00 ($11.00 per hour for 10 violations per week for 58 weeks). However, section 226.7 provides that an employee shall receive one additional hour of pay at the employee's regular rate of pay for each **workday** that the meal or rest period is not provided. Cal. Lab. Code § 226.7(c) (emphasis added). California courts have found that this allows two premium payments per workday, one for each type of violation. United Parcel Serv., Inc. v. Superior Court, 196 Cal. App. 4th 57, 68-70 (2011). Plaintiff has presented no authority for the proposition that an employee is entitled to one additional hour for each rest break per day that is not provided and the language of the statute does not support such an interpretation. Based on these allegations, Plaintiff could receive damages for the failure to provide rest breaks of $3,190.00 (5 days a week at $11.00 per hour for 58 weeks) for the rest period claim.[4]

The meal and rest period claims total $6,380.00 for violations of section 226.7.

**c.      Failure to Pay Wages Due and Owing Upon Termination**

Plaintiff also claims that employees were not paid wages due and owing on termination. (Compl. ¶¶ 62-71.) Under California law, an employer is required to pay wages earned and unpaid immediately upon termination or within 72 hours of resignation. Cal. Lab. Code §§ 201(a); 202(a). If the employer willfully fails to pay wages on termination, the wages of the employee continues at his same rate of pay until paid or for no more than thirty days. Cal. Lab. Code § 203(a). Unpaid wages continue to accrue not only on the days the employee might have worked, but also on non-work days. Mamika v. Barca, 68 Cal.App.4th 487, 492 (1998), as modified (Dec. 11, 1998). Therefore, an employee is entitled to his daily rate of pay for each day he remains unpaid up to a total of thirty days. Mamika, 60 Cal.App.4th at 493.

---

[4] The Court notes that even if Plaintiff was entitled to 2 hours of regular pay per day it would not change the ultimate analysis that Defendant did not establish by a preponderance of the evidence that the jurisdictional amount is not met.

Plaintiff alleges that he was not paid the wages he was due at the time of his termination. (Compl. at ¶ 66.) Defendant calculates penalties at 7 hours per day which would result in $2,300.00 (7 hours per day at $11.00 per hour for $30 days) in penalties for the failure to pay wages due upon termination.

### d. Failure to issue accurate, itemized wage statements

Plaintiff alleges that Defendant failed to issue accurate, itemized wage statements. (Compl. ¶¶ 56-61.) Section 226 of the California Labor Code provides that an employer is required to provide accurate and itemized wage statement. Cal. Lab. Code § 226(a). An employee is entitled to recover $50 for the initial pay period and $100.00 for each subsequent pay period, not to exceed $4,000.00. Cal. Lab. Code § 226(e).

Plaintiff alleges that Defendant failed to accurately maintain and furnish records of wages earned to Plaintiff. (Compl. at ¶ 59.) Defendant asserts that employees are paid biweekly. Therefore, Defendant calculated Plaintiff's damages as $2,850.00 ($50.00 (for initial violation) plus $100.00 times 28 weeks) for his wage statement violation claim.

Based on the foregoing, Defendant has demonstrated that the amount in controversy in this action would be $13,125.00.[5]

### e. Attorney Fees

Defendant contends that attorney fees in this action would be in excess of $56,000; and therefore, the jurisdictional amount is met. In an ordinary diversity case where there is no direct legal authority for attorney fees, such fees are not included in the jurisdictional amount. Lowdermilk v. U.S. Bank National Ass'n, 479 F.3d 994, 1000 (9th Cir. 2007) overruled on other grounds by Standard Fire Ins. Co. v. Knowles, 568 U.S. 558 (2013). However, where there is direct statutory authority, either mandatory or discretionary, for an award of attorney fees, "such fees may be included in the amount in controversy." Lowdermilk, 479 F.3d at 1000; Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998); accord Gonzales v. CarMax Auto Superstores, LLC, 840 F.3d 644, 649 (9th Cir. 2016). Plaintiff seeks attorney fees under

---

[5] The Court notes that even if a finding was made that the amounts alleged in Defendant's brief were correct, the jurisdictional amount would still not be met.

California Labor Code sections 226, and California Code of Civil Procedure section 1021.5. Section 226 of the Labor Code provides that an employee may recover attorney fees where he suffers an injury due to a knowing and intentional failure of the employer to provide an accurate itemized statement of the wages owed. Cal. Lab. Code 226(e). Section 1021.5 of the Code of Civil Procedure provides for attorney fees where a private party brings suit which results in the enforcement of an important right affecting the public interest. Therefore, Plaintiff could recover attorney fees were he to prevail in this action.

It is an open question in the Ninth Circuit as to what amount of attorney fees are properly included within the amount in controversy. Gonzales, 840 F.3d at 649 n.2; see also Reames v. AB Car Rental Services, Inc., 899 F.Supp.2d 1012, 1018-20 (D. Ore. 2012) (and cases cited therein); Burk v. Medical Savings Ins. Co., 348 F.Supp.2d 1063, 1068-69 (D. Ariz. 2004) (and cases cited therein); Brady v. Mercedes-Benz USA, Inc., 243 F.Supp.2d 1004, 1010 (N.D. Cal. 2002) (and cases cited therein). The Seventh Circuit has held that only fees incurred as of the date the complaint is filed should be considered in the amount in controversy because there is no controversy with respect to legal services which have not been and may never be incurred. Gardynski-Leschuck v. Ford Motor Co., 142 F.3d 955, 958 (7th Cir. 1998). Other courts have included fees incurred as of the date of removal are included in the amount in controversy. Reames, 899 F.Supp.2d at 1020-21; Faulkner v. Astro-Med, Inc., No. C 99-2562 SI, 1999 WL 820198, at *4 (N.D. Cal. 1999); Conrad Associates v. Hartford Acc. & Indem. Co., 994 F. Supp. 1196, 1200 (N.D. Cal. 1998). Still other courts have used a reasonable estimate of the fees likely to be recovered in calculating the amount in controversy. Miera v. Dairyland Ins. Co., 143 F.3d 1337, 1340 (10th Cir. 1998); Brady, 243 F. Supp. 2d at 1011; Simmons v. PCR Technology, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002). A decision in this district noted "that it appears that a nascent consensus may be merging among the district courts of this Circuit, finding that attorneys' fees not yet incurred may not be included in the amount in controversy calculation." MIC Philberts Investments v. American Cas. Co. of Reading, Pa., No. 1:12-cv-0131 AWI-BAM, 2012 WL 2118239, at *5 (E.D. Cal. Jun. 11, 2012).

/ / /

The Court declines to decide one way or another how attorney fees should be factored into the amount in controversy analysis because, in any case, the Court finds that Defendant has not met its burden of establishing that the attorney fees in this case would be sufficient to meet the jurisdictional requirement.

Only that portion of attorney fees attributable to Plaintiff's claims can be considered in determining the amount in controversy.  Patel v. Nike Retail Servs., Inc., 58 F.Supp.3d 1032, 1049 (N.D. Cal. 2014).  Even assuming that Plaintiff was to recover $1,000,000.00 in attorney fees in this action that amount would be distributed pro rata to all the aggrieved class members.  Patel, 58 F.Supp.3d at 1049.  Defendant employed 250 non-exempt employees from December 16, 2012 to present.  (Decl. of Greg Reed at ¶ 4, ECF No. 1-8.)  Of those employees 101 were fulltime employees who resigned or were terminated from December 16, 2013 to December 16, 2016; and 67 of these individuals customarily worked 35 or more hours per week.  (Decl. of Greg Reed at ¶ 4.)  Even if the class would be composed of only 67 members, Plaintiff's share of attorney fees would be about $14,925.00, well below the amount needed to meet the jurisdictional requirement in this action.

Defendant has failed to present any evidence that his portion of the attorney fees in this action would be more than $61,875.00 which would be needed to meet the jurisdictional requirement.  Defendant has presented no evidence by which the Court could determine the amount of attorney fees that would reasonably be included in deciding the amount in controversy in this action.  Defendant has not included a declaration establishing the hourly rates that his attorneys receive in this action, the number of hours expended to date, or the number of hours that would reasonably be expected to be expended to finalize this action.  Therefore, Defendant has not shown by a preponderance of the evidence that inclusion of attorney fees in this action would cause the amount in controversy to meet the $75,000 threshold.

## IV.

## CONCLUSION AND RECOMMENDATION

The Court finds that Defendant has not established by a preponderance of the evidence that the amount in controversy in this action meets the jurisdictional requirement.  Rodriguez,

728 F.3d at 981.  Therefore, the Court finds that federal jurisdiction is lacking and recommends that this action be remanded to state court.

Accordingly, IT IS HEREBY RECOMMENDED that this action be REMANDED to the Superior Court of California for the County of Madera.

This findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __**May 26, 2017**__

UNITED STATES MAGISTRATE JUDGE