# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETHAN SADLER,<br><br>        Plaintiff<br><br>    v.<br><br>ENSIGNAL, INC.,<br><br>        Defendant | CASE NO. 1:17-CV-00312-AWI-SAB<br><br>**ORDER ON FINDINGS AND RECOMMENDATION REMANDING ACTION FOR LACK OF JURISDICTION**<br><br>(Doc. No. 15) |

On December 16, 2016, Plaintiff Ethan Sadler ("Sadler") filed this wage and hour class action complaint in the Superior Court of California for the County of Madera against Defendant Ensignal, Inc. ("Ensignal"). Doc. No. 1-2. On March 3, 2017, Ensignal removed this action to the Eastern District of California on the basis of diversity jurisdiction. Doc. No. 1.

Thereafter, the Court *sua sponte* raised the issue of whether federal jurisdiction exists in this action. Doc. No. 11. After the parties briefed the Court's jurisdiction in this matter, on May

30, 2017, the Magistrate Judge issued Findings and Recommendations ("F&R") that recommended remanding this action for lack of jurisdiction. Doc. No. 15. The F&R found that Ensignal did not establish by a preponderance of the evidence that the amount in controversy meets the jurisdictional requirement. Id. at 11-12. On June 13, 2017, Ensignal filed objections to the F&R ("Objections"). Doc. No. 16.

In its Objections, Ensignal argues, *inter alia*, that that the F&R did not address whether Sadler's claim under California Business and Professions Code Section 17200 ("UCL") "is one in which a defendant owes to plaintiffs as a group and not to the individuals severally," and could therefore be aggregated to meet the required amount in controversy. Objections at 2. Ensignal further argues that Sadler brought his UCL claim in a representative capacity, and "is acting as a private attorney general for the collective interest of putative class members," therefore, "Plaintiff and the putative class members have a common and undivided interest" in enforcing the claim. Id. at 6-7.

Contrary to Ensignal's assertion, the F&R did address whether a UCL claim could be aggregated (Doc. No. 15 at 5), and correctly concluded it could not. See Urbino v. Orkin Servs. of California, Inc., 726 F.3d 1118 (9th Cir. 2013) (denying aggregation in the context of a PAGA representative action alleging wage violations). Notably, Ensignal does not cite to a single case, in either its original briefing or its Objections, in which any court has aggregated a UCL claim to meet the amount in controversy requirement. As the F&R noted, "courts [have] held that claims brought under the UCL on behalf of the public should not be aggregated to meet the jurisdictional amount in a class action." Doc. No. 15 at 5, n.3; see Ecker v. Ford Motor Co., 2002 WL 31654558, at *4 (C.D. Cal. Nov. 12, 2002) (holding that claims brought on behalf of the public under Section 17200 should not be aggregated). Ensignals' Objections are overruled.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court concludes that the Magistrate Judge's analyses and conclusions are supported by the record and proper analysis. The Court will adopt the F&R.

2

Accordingly, IT IS HEREBY ORDERED that:

1. The Court ADOPTS IN FULL the May 30, 2017 Findings and Recommendations (Doc No. 15);
2. This action is REMANDED forthwith to the Madera County Superior Court because the Court lacks subject matter jurisdiction; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   July 7, 2017                              _____
                                                                    SENIOR  DISTRICT  JUDGE